| | |
|---|---|
| **THE MCDONNEL GROUP LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-2804** |
| **CERTAIN UNDERWRITERS**<br>**AT LLOYD'S LONDON** | **SECTION I** |

## ORDER & REASONS

The McDonnel Group LLC ("McDonnel") is the general contractor for a development project in New Orleans aimed at converting the Maison Blanche Annex building at 939 Iberville Street into residential apartments. The project is owned by French Quarter Apartments Limited Partnership ("French Quarter") and was insured for the period of November 30, 2015 to August 30, 2017 under a policy issued by Great Lakes Insurance SE, UK Branch, Lloyd's Syndicates CNP 4444 and 958, and Inter Hannover (collectively, "the Underwriters").

Between March 30 and April 1, 2017, water intrusion caused significant damage to the project. McDonnel subsequently submitted a claim for the damage to the Underwriters, and a claims adjustment process ensued, the facts of which are in dispute. On March 15, 2018, McDonnel initiated this lawsuit seeking a declaratory judgment that it is entitled to coverage under the policy issued by the Underwriters. McDonnel also alleges breach of contract and insurer bad faith.

The Underwriters now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3), arguing that the policy contains a valid arbitration

agreement between the parties.[1]  For the following reasons, the Underwriters' motion is granted.

## I.

The Fifth Circuit "has not [] definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule for motions to dismiss based on an arbitration or forum-selection clause." *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010).  It has "held that a district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration." *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014); *see also Omni Pinnacle, LLC v. ECC Operating Servs., Inc.*, 255 Fed. App'x. 24, 26 (5th Cir. 2007) (affirming district court order dismissing case pursuant to Rule 12(b)(1) based on an agreement between the parties requiring arbitration of dispute).  However, it has also "accepted Rule 12(b)(3) as a proper

---

[1] The Underwriters also moved to dismiss for insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5) and for failure to join an indispensable party under Rule 12(b)(7).

The Underwriters' Rule 12(b)(4) and 12(b)(5) motion was based on McDonnel's alleged improper naming of the defendants.  McDonnel's original complaint referred to "Certain Underwriters at Lloyd's London."  The Underwriters argued that such an entity is not subject to suit and, therefore, proper service could not be effected.  While the Underwriters' motion to dismiss was pending, however, McDonnel filed an amended complaint pleading the specific names and business information for each of the insurer defendants.  The Underwriters concede that this moots their Rule 12(b)(4) and 12(b)(5) arguments.

With respect to Rule 12(b)(7), the Underwriters argue that dismissal is appropriate because McDonnel failed to join French Quarter, a purportedly necessary and indispensable party under Rule 19.  Because the Court dismisses in favor of arbitration, it does not address this issue.

method for dismissal based on an arbitration clause." *Gupta v. Lynch*, No. 12-1787, 2013 WL 3187273, at *2 (E.D. La. June 20, 2013) (Milazzo, J.) (citing *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005) (analyzing motion to dismiss based on an arbitration clause under Rule 12(b)(3) and observing that "other circuits agree that a motion to dismiss based on an arbitration or forum selection clause is proper under Rule 12(b)(3)")).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* "In order to bear that burden, the party must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Gilbert*, 751 F.3d at 307. "However, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

Similarly, on a Rule 12(b)(3) motion to dismiss for improper venue, the burden is on the plaintiff to show that venue is proper. *Summers v. Kenton, OH Police*, No. 11-3162, 2012 WL 1565363, at *4 (E.D. La. May 2, 2012) (Africk, J.). The court may consider, in addition to the complaint and its proper attachments, other evidence in the record. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations omitted). Further, "the court must accept as true all allegations in the complaint and

resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x. 612, 615 (5th Cir. 2007).

The Court need not decide here whether Rule 12(b)(1) or 12(b)(3) is the more appropriate vehicle for analyzing the Underwriters' motion to dismiss.[2] As explained herein, McDonnel's claims are properly dismissed in favor of arbitration under either rule. *See Murchison Capital Partners, LP v. Nuance Commc'ns, Inc.*, 625 Fed. App'x 617, 627 (5th Cir. 2015) (affirming dismissal of plaintiff's claim on the ground that the defendant "would have been entitled to prevail on a Rule 12(b)(1) or 12(b)(3) motion to dismiss the case because the dispute is covered by the arbitration clause").

## II.

The policy at issue provides, in pertinent part:

### VII. General Conditions

. . .

2.   Arbitration:

Any dispute, controversy or claim arising out of, relating to, or in connection with this *Policy*, shall be finally settled by arbitration.  The arbitration shall be conducted in accordance with the International Arbitration Rules of the American Arbitration Association in effect at the time of the arbitration. The seat of the arbitration shall be New York, New York, in the United States of America.[3]

. . .

---

[2] The Underwriters move to dismiss under both rules.  Neither the Underwriters nor McDonnel urge the application of one rule over the other, and the parties have not fully briefed the issue.

[3] R. Doc. No. 6-2, at 19.

> 7. Conformity to Statute:
>
> In the event any terms of this *Policy* are in conflict with the statutes of the jurisdiction where the *Insured Property* is located, such terms are amended to conform to such statutes.

The Underwriters insist that McDonnel's claims must be dismissed in favor of arbitration pursuant to the policy's broad arbitration provision, the Federal Arbitration Act ("FAA"), and the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").

McDonnel contends that the arbitration provision is void and unenforceable, as it is amended out of the policy by the conformity to statute provision. In support of this argument, McDonnel cites La. Rev. Stat. § 22:868, which states:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, . . . shall contain any condition, stipulation, or agreement []:
>
> . . .
>
> (2) Depriving the courts of this state of the jurisdiction of action against the insurer.
>
> . . .
>
> C. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract.

Louisiana courts have interpreted this statute as voiding arbitration agreements in certain insurance contracts. *See Todd v. Steamship Mut. Underwriting Ass'n, Ltd.*, No. 08-1195, 2011 WL 1226464 (E.D. La. March 28, 2011) (Berrigan, J.). Thus,

McDonnel maintains that, because there is a conflict between the terms of the policy and a Louisiana statute, the conformity to statute provision operates to nullify the arbitration provision.

This issue is easily resolved by the Fifth Circuit's en banc decision in *Safety National Casualty Corporation v. Certain Underwriters at Lloyd's, London*, 587 F.3d 714 (5th Cir. 2009). In *Safety National*, the Court considered whether the McCarran–Ferguson Act authorizes state law to reverse-preempt the Convention. The Court's negative answer to that question is dispositive of the motion presently before the Court.

The McCarran-Ferguson Act provides that "the continued regulation and taxation by the several States of the business of insurance is in the public interest, and that silence on the part of the Congress shall not be construed to impose any barrier to the regulation or taxation of such business by the several States." 15 U.S.C. § 1011. It further states that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012.

"The McCarran-Ferguson Act thus allows state law to reverse-preempt an otherwise applicable federal statute" in certain circumstances. *Safety National*, 587 F.3d at 720; *see also Munich Am. Reins. Co. v. Crawford*, 141 F.3d 585, 590 (5th Cir. 1998) ("Ordinarily, federal law pre-empts conflicting state law by virtue of the Supremacy Clause. The McCarran–Ferguson Act reverses that effect in the narrow

range of cases involving state regulation of the insurance industry."). For instance, a state statute like La. Rev. Stat. § 22:868 might reasonably be read to reverse-preempt, by way of the McCarran-Ferguson Act, a federal statute like the FAA. *See Am. Bankers Ins. Co. of Fla. v. Inman*, 436 F.3d 490 (5th Cir. 2006) (affirming district court holding that a Mississippi statute regulating the business of insurance reverse-preempts the FAA).

Whether the McCarran-Ferguson Act causes La. Rev. Stat. § 22:868 to reverse-preempt the Convention, however, is a different matter entirely, one to which the Fifth Circuit has clearly spoken. As the *Safety National* court observed, La. Rev. Stat. § 22:868 "conflicts with the United States'[] commitments under the Convention." 587 F.3d at 719.

> The Convention states that each signatory nation "shall recognize an agreement in writing under which the parties undertake to submit to arbitration" their dispute "concerning a subject matter capable of settlement by arbitration." The Convention contemplates enforcement in a signatory nation's courts, directing that courts "shall" compel arbitration when requested by a party to an international arbitration agreement, subject to certain exceptions not at issue in the present case.

*Id.* Yet "requiring arbitration of the present dispute in compliance with the Convention would contravene" La. Rev. Stat. § 22:868. *Id.*

Faced with this conflict, the Fifth Circuit determined that the Convention, though given effect through implementing legislation, is not an "Act of Congress" for purposes of the McCarran-Ferguson Act. *Id.* at 722–24. Consequently, "the McCarran-Ferguson Act's provision that 'no Act of Congress' shall be construed to

supersede state law regulating the business of insurance is inapplicable." *Id.* at 725. La. Rev. Stat. § 22:868, therefore, does not reverse-preempt the Convention. And absent such reverse-preemption, the Convention supersedes La. Rev. Stat. § 22:868 "by straightforward application of the Supremacy Clause." *See id.* at 746 (Elrod, J. dissenting); *see also Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*, 767 F.2d 1140, 1145 (5th Cir. 1985) (noting that the Convention was "negotiated pursuant to the Constitution's [t]reaty power" and made "the highest law of the land" by its enabling legislation); *Todd*, 2011 WL 1226464, at *8 ("[T]he Convention supersedes [La. Rev. Stat.] § 22:868.").

Accordingly, where the Convention applies, La. Rev. Stat. § 22:868 has no effect. *See Cipollone v. Liggett Grp., Inc.*, 505 U.S. 504, 516 (1992) ("Since [] *M'Culloch v. Maryland*, it has been settled that state law that conflicts with federal law is without effect."). McDonnel's assertion that the conformity to statute provision applies and writes the arbitration provision out of the policy is, therefore, misplaced. As the Underwriters note, the conformity to statute provision only applies if a term of the policy conflicts with a Louisiana statute. Because the Convention supersedes La. Rev. Stat. § 22:868, however, no conflict exists. *Cf. Light v. Blue Cross and Blue Shield of Ala., Inc.*, 790 F.2d 1247, 1248 (noting, in the context of a case involving a conformity to statute provision, that "[i]f ERISA pre-empts state law, there is no applicable state law to which the administrator must conform").

The only remaining question is whether the arbitration provision should be enforced under the Convention. In this regard, "[t]he Convention contemplates a very

limited inquiry by courts when considering" whether arbitration is required. *Sedco*, 767 F.2d at 1144. Specifically, a court must consider (1) whether there is an agreement in writing to arbitrate the dispute; (2) whether that agreement provides for arbitration in the territory of a Convention signatory; (3) whether a party to the agreement is not an American citizen; and (4) whether the agreement arises out of a commercial legal relationship. *Id.* at 1145. "If these requirements are met, the Convention requires district courts to order arbitration." *Id.*

These four requirements are easily met.[4] The policy contains a written agreement to arbitrate. That agreement requires arbitration to take place in New York, New York, in the United States of America, which is a signatory to the Convention. The Underwriters are not American citizens. And the arbitration agreement arises out of a commercial relationship—namely, an insurance contract between corporate entities. The Convention, therefore, governs, and arbitration is appropriate, as the dispute relates to the policy.

Accordingly,

**IT IS ORDERED** that the Underwriters' motion to dismiss in favor of arbitration is **GRANTED** and that all claims asserted by McDonnel in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE**.

---

[4] Indeed, McDonnel does not argue to the contrary. Although it contends that the Convention does not apply, McDonnel does not dispute the Underwriters' assertions, made in their motion to dismiss, that there is an agreement in writing to arbitrate the dispute; that the agreement provides for arbitration in the territory of a Convention signatory; that a party to the agreement is not an American citizen; and that the agreement arises out of a commercial legal relationship.

New Orleans, Louisiana, June 28, 2018.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**